## WELDON KIEL V. THE STATE.

No. 20155. Delivered February 1, 1939.

The opinion states the case.

*O. L. Bell,* of Quanah, and *Mahan & Broughton,* of Childress, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for unlawfully driving an automobile upon the public highway while intoxicated; penalty assessed at confinement in the penitentiary for one year.

The State's witness, Edgar Norton, testified that he and some companions were traveling in an automobile on Highway No. 5 leading out of Vernon, Texas; that they saw four men behind a car which was parked along the highway. Two of the men were fighting the third man. Norton and his companions continued their journey for about a quarter of a mile until they passed three girls who were walking along the highway. He stopped his car and asked the girls if they wanted to ride, to which they replied that they did. Two of the girls stood on the running-board on the left-hand side of the car and the other

one on the running-board on the right-hand side. Norton turned his car around and went back to where the men were fighting for the purpose of stopping the fight. Upon reaching them, one of the men said that everything was settled. Norton then proceeded on to Quanah with his companions and the girls. He was traveling at the rate of about sixty miles an hour at the request of the girls who wanted to get away from the appellant and his companions. While thus traveling, one of the girls fell off the running-board and Norton stopped his car. Appellant then ran his car into that of Norton and knocked it off the highway. Before Norton could stop his car, a man by the name of Folsom came in a car with his wife; and Norton asked him if he would take the three girls with him to town. As Folsom was about to start his car with the girls in it, appellant appeared and commanded him to stop. However, Norton told Folsom to "just drive on." Appellant then said: "Let the G— d— s— of a b— go; I will knock him off the highway just like I did that other G— d— s— of a b—." Folsom drove on and appellant continued driving right behind him and cursed Folsom for not stopping. Finally appellant drove around in front of Folsom, pulled over to the side of the highway and held out his hand for Folsom to stop. Norton then said to Folsom: "Don't you stop; you keep driving; and I am going to the filling station and call the law." This Norton did. On cross-examination Norton testified relative to the appellant's condition as follows: "I know he was drunk because when they were fighting down there you could tell by his actions. * * * I do know that the defendant was drunk; he couldn't stand up without wobbling all over the highway there."

Norton further testified: "From this man's actions and conduct I know that he was drunk."

The witness Oxford testified to substantially the same effect as Norton relative to the movements and conduct of the appellant and his companions. However, the witness testified that he based his opinion that the appellant was drunk upon the fact that he was fighting and that he was using profane language.

Owens, the Sheriff of Hardeman County, testified that he arrested the appellant at Childress, Texas, about five hours after he had received a telephonne call about the automobile wreck out on the highway; that when arrested the appellant had the odor of whisky upon his breath.

Appellant did not testify upon the trial, but introduced the witness Johnson who testified that appellant bore a good repu-

tation in the community as a peaceable law-abiding citizen. The witness testified that he had never seen appellant drink any whisky and had never seen him drunk.

Bill of Exception No. 1 complains of the admission of the testimony of the witness Edgar Norton as follows: "As soon as I started up one of them (the girls they had picked up) said, 'If this car will run drive it to Quanah, we don't want these fellows (the defendant and the others who were fighting) to catch us'; I said, 'They are not going to bother us'; she said, 'You don't know them like I do.' And we got to the old Radford filling station and she said, 'Stop and let us off, they are going to run into us and kill every one of us.' I said, 'They won't bother us,' and she said again, 'You just don't know them like I do.'"

The objection urged against the testimony quoted was that it was made out of the presence and hearing of the appellant; that it was calculated to inflame the minds of the jurors and was not a part of the res gestae. The bill is qualified by the court with the statement that after Edgar Norton had left the witness-stand and Jim Oxford was about to testify to a conversation had with the girls in the car, the attorney appointed to represent the appellant then made objection to the testimony of Norton quoted above upon the grounds stated and requested the court to instruct the jury not to consider the testimony. The objection was overruled, but the jury was charged with reference to said testimony as follows: "You are charged that you will not consider for any purpose the statements made by the girls that were supposed to be with the defendant to the witness Edgar Norton, and likewise not consider any statement made by the witness Edgar Norton to the girls."

In view of the court's qualification, we think no error is shown by the bill of exception.

Bill of Exception No. 2 complains of the testimony of M. C. Owens, Sheriff of Hardeman County, to the effect that he arrested the appellant in Childress, Texas, about five hours after he had received a call about a wreck or trouble out on the highway and that he could smell whisky on the breath of the appellant at that time. The objection urged is that the testimony was too remote; that too long a time had elapsed since the commission of the offense and that the testimony had no bearing on the alleged commission of the offense. The objection to this testimony was to its weight rather than to the admissibility thereof, and therefore no error is presented by the bill.

The judgment is affirmed.